IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE NO.: 8:23-cr-25-VMC-AEP-4

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

    Defendants.
_____/

**DEFENDANT OROPESA'S MOTION TO DISMISS
COUNT ONE OF THE SUPERSEDING INDICTMENT**

Defendant, Gabriella Oropesa, through her undersigned counsel, hereby moves to dismiss Count One of the Superseding Indictment (Doc. 54). Count One alleges that the defendants, all private citizens, committed a felony civil rights conspiracy by agreeing to commit misdemeanor violations of a different federal statute. On the authority of Fed. R. Crim. P. 12(b)(3)(B)(v), Count One is defective because it fails to state an offense, and should thus be dismissed.

*Introduction*

The four defendants are named in a three-Count Superseding Indictment. Counts Two and Three both name defendants Freestone,

Smith-Stewart, and Rivera with violating, on June 26, 2022, the Free Access to Clinic Entrances Act (hereinafter, "FACE Act"). Both alleged offenses are misdemeanors.  Specifically, Count Two alleges a violation of 18 U.S.C. §§ 248(a)(1) & 2, which prohibits intimidating or interfering with any person obtaining or providing reproductive health services, (or aiding or abetting such conduct). Count Three alleges a violation of 18 U.S.C. §§ 248(a)(3) & 2, which prohibits damaging or destroying the property of a facility providing reproductive health services, (or aiding and abetting that conduct).

All four defendants, including Oropesa, are named in Count One, which alleges the felony offense of "Conspiracy against rights," in violation of 18 U.S.C. §§ 241 and 2. (Doc. 54 at 4). (According to 18 U.S.C. § 2, in pertinent part, one who aids and abets an offense is considered a principal.) According to 18 U.S.C. § 241, in its entirety,

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment *of any right or privilege secured to him by the Constitution or laws of the United States,* or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured –
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to kill,

2

>they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241 (emphasis added).

Count One alleges that the four defendants conspired "to injure, oppress, threaten, and intimidate employees of facilities providing reproductive health services to the free exercise and enjoyment of the right and privileges secured to them by *the laws* of the United States, namely, the right to provide and seek to provide reproductive health services as provided by Title 18, United States Code, Section 248(c)(1), in violation of Title 18, United States Code, Section 241." (Doc. 54 at 2) (emphasis added). Thus, the defendants are charged with the felony offense of conspiring to violate the FACE Act which, again, provides misdemeanor penalties only. (As discussed below, Count One alleges a conspiracy to violate § 248(c)(1), which is not among the enforceable provisions of the FACE Act in any event. *See, infra.*)

## MEMORANDUM OF LAW

Defendant Oropesa moves to dismiss Count One on three grounds. First, the offense of conspiracy against rights, 18 U.S.C. § 241, requires state action. No state action is alleged in Count One, and no state action can be proved, as the four defendants are all private citizens. Second, violation of 18 U.S.C. § 241 requires proof of interference with a right or privilege

secured by the "Constitution or laws" of the United States. Count One alleges that defendants interfered not with a constitutional right, but with a specific "law" of the United States, the FACE Act. However, because the FACE Act contains its own independent regulatory - indeed criminal - enforcement mechanisms prescribed by Congress, the FACE Act may not also be enforced through the open-ended "Constitution or laws" provision of 18 U.S.C. § 241. Under the government's flawed theory, the entire United States Criminal Code, indeed any "law" of the United States, would be enforceable under section 241. Such a construction of this civil rights statute, passed in 1870 to combat the terrorism perpetrated by the Ku Klux Klan, is vastly overbroad. Third, to the extent Count One alleges a conspiracy to violate the FACE Act, the Superseding Indictment alleges as the object of the conspiracy an unenforceable provision of the Act.

I. *Section 241 Requires State Action*

The companion statute to the civil rights conspiracy statute charged in Count One, 18 U.S.C. § 241, is the substantive civil rights criminal statute, 18 U.S.C. § 242. That statute provides, in pertinent part, that, "Whoever, *under color of any law*, ..., willfully subjects any person in any State...to the deprivation of any rights privileges, or immunities secured or protected by the Constitution of the United States..." is subject to criminal punishment.   18 U.S.C. § 242 (emphasis added).  Although there is no

4

Eleventh Circuit Pattern Instruction for § 241, there is for § 242, and the second of three elements requires proof that "the Defendant acted or claimed to act under color of state law." Eleventh Cir. Pattern Instructions (Criminal), Offense Instruction O8. The instruction further provides that, "An unlawful act under color of state law occurs when a person has power only because that person is an official, and that person does acts that are a misuse or abuse of that power." *Id.*

The question is whether the § 241 civil rights conspiracy statute charged against defendants also contains an "under color of state law," or state action, element. According to the United States Supreme Court, it does. In *United States v. Price*, 383 U.S. 787 (1966), the Court addressed both statutes in the context of criminal charges brought against a group of Mississippi law enforcement officers and private citizens who notoriously murdered three civil rights volunteers, Schwerner, Chaney, and Goodman. *Id.* at 789-90. The Court noted that § 241 was part of the Enforcement Act of 1870, which Congress enacted in response to demands for more stringent legislation to combat the "continued denial of rights to [black citizens], sometimes accompanied by violent assaults." *Id.* at 802.

The *Price* Court turned to the § 241 conspiracy count against the law enforcement and private citizen defendants. The Court ruled that the statute reaches conspiracies to injure citizens exercising any right or

privilege secured by the Constitution or laws of the United States, and "extends to conspiracies otherwise within the scope of the section *participated in by officials alone, or in collaboration with private persons….*" *Id.* at 798 (emphasis added). The *Price* Court found that the indictment sets forth a conspiracy within the ambit of the Fourteenth Amendment, and that the indictment alleged that the defendants acted under color of law. *Id.* at 799. According to the Court,

> This is an allegation of state action which, beyond dispute, brings the conspiracy within the ambit of the Fourteenth Amendment. It is an allegation of official, state participation in murder, accomplished by and through its officers with the participation of others….
>
> As we have consistently held, "*The Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals.*"

*Id.* at 799 (quotation omitted) (emphasis added). Thus, almost 60 years ago *Price* made clear that, although private persons could be properly charged for violating § 241, the conspiracy must include an element of state action, which is met by proof that the conspiracy involved, at least in part, a state actor.

In *United States v. Farmer*, 923 F. 2d 1557 (11th Cir. 1991), the notion that § 241 requires proof of state action underpinned the Eleventh Circuit's opinion. In *Farmer*, the defendant, a private citizen, was indicted for conspiring with two law enforcement officers to deprive the victim's civil

6

rights in violation of § 241 by subjecting him to a violent beating. *Id*. at 1561. The defendant was also indicted for aiding and abetting the substantive deprivation of the victim's civil rights under color of state law, in violation of 18 U.S.C. §§ 242 & 2. *Id*. At his first trial, Farmer was acquitted of the § 241 conspiracy, but the jury was unable to reach a verdict on the § 242 (and § 2) count. *Id*. Once the government opted to retry him on the §242 count, the defendant moved to dismiss on the grounds of double jeopardy and collateral estoppel. *Id.* The district court denied the motion, and after trial, Farmer was convicted. *Id*. at 1561-62. On appeal, the Eleventh Circuit affirmed the district court's denial of the motion to dismiss. *Id.* at 1565.

The defendant argued that as a private citizen, in the absence of a conspiracy with a state actor he cannot have acted under color of state law, an express element of § 242. *Id*. at 1562. Specifically, he argued that his acquittal on the charge of conspiring with state officers in the § 241 count barred prosecution for, he asserted, the "same offense" charged in § 242. *Id*. In other words, he "argue[d] that the prior acquittal prevents relitigation of what he contends is the same issue: whether [he] acted 'under color of state law.'" *Id*.

Notably, the *Farmer* court did not simply resolve the issue by holding that the § 241 conspiracy statute does not require proof of state

7

action. Instead, the holding in *Farmer* was that, as to state action, an acquittal of a conspiracy is not preclusive as to aiding and abetting liability. According to *Farmer*, "the color of law issue in the second proceeding is not the same as the conspiracy issue in the first proceeding." *Id*. at 1563. The court reasoned that, in the § 242 count, the defendant was charged with "aiding and abetting acts under color of state law." *Id*. at 1563-64. (Here, the *Farmer* court cited a district court ruling that "'private citizens who aid and abet state officers may be guilty under § 242' if they act under color of state law." *Id.* at 1564 (citation omitted). Citing the same district court case, the Eleventh Circuit noted that while a private citizen would not ordinarily act under color of state law, the presence of state officers and their active participation with the private defendant would establish the "color of law" required of all defendants by § 242. *Id.* at 1564, n. 14.)

The Eleventh Circuit found that that aiding and abetting, unlike a conspiracy, does not require proof of an agreement. *Id*. at 1564. Thus, the court held generally that "aiding and abetting acts under color of state law is not the same as conspiring with state officials for purposes of collateral estoppel." *Id.* The court found specifically that, in the second trial, the government's evidence was intended to prove aiding and abetting and not the same conduct underlying the conspiracy. *Id*. The court reasoned, "That

8

the prosecution used the same evidence to prove that Farmer acted under color of state law is immaterial." *Id*. Finally, the court noted, "The prosecution did not seek to prove to the second jury an agreement in order to establish that Farmer acted under color of state law." *Id.*

Together, *Price* and *Farmer* reflect what would be intuitive.   The civil rights conspiracy statute, § 241, like its substantive counterpart, § 242, has a state action element, even though only the latter includes the statutory language "under color of any law." Because Count One does not allege any state action, and because the government cannot show that defendants are anything other than private citizens, the § 241 count should be dismissed.

> II. *The FACE Act is Not Among the "Laws of the United States" Enforceable Through 18 U.S.C. § 241*

Again, § 241 prohibits interference with "any right or privilege secured ...by the *Constitution or laws* of the United States." (Emphasis added). Count One alleges that the defendants did not violate any right protected by the Constitution, but a right secured by statute, the FACE Act.  Because the FACE Act contains its own enforcement mechanism, however, it is improper to seek duplicative enforcement for the same conduct through the civil rights felony conspiracy statue.

9

According to the Congressional Research Service in a recent paper addressing the substantive civil rights criminal statute, § 242,

> A defendant may violate Section 242 by depriving a person of "any rights, privileges, or immunities secured or protected by" either the "laws of the United States" or the Constitution. With regard to the "laws of the United States," it is unclear if DOJ has brought Section 242 charges in recent history based solely on statutory violations. In the analogous context of civil claims under Section 1983, courts have shown reluctance to imply a *civil* remedy for statutory violations; the courts may be even less likely to impose *criminal* liability under statutes that do not expressly provide for it.

Congressional Research Service, "*Federal Police Oversight: Criminal Civil Rights Violations Under 18 U.S.C. § 242*," p. 2 (June 15, 2020) (emphasis in original). (Available at: crsreports.congress.gov/product/pdf/LSB/LSB10495.)  This is not a case in which the FACE Act provides no criminal penalty, yet the government seeks to create one through § 241.  But the defect is at least equally consequential here, as the government seeks to manufacture a felony penalty through § 241 for an alleged conspiracy to violate a statute that provides only misdemeanor penalties.

As the above Congressional Research Service article suggests, the Supreme Court has severely limited the use of 42 U.S.C. § 1983, the civil analogue to the criminal civil rights statutes, to enforce statutory, in contrast to constitutional, rights. The material language of § 1983 is very similar to § 241, as it provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, …, subjects, or causes to be

10

> subjected, any citizen of the United States ...to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). Acknowledging in *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005), that the Court previously held that § 1983 authorizes suits to enforce individual rights under federal statutes as well as the Constitution, the Court observed that "Our subsequent cases have made clear, however, that § 1983 does not provide an avenue for relief every time a state actor violates a federal law." *Id*. at 119. According to the *City of Rancho Palos Verdes* Court, a defendant may demonstrate that Congress did not intend to create a remedy under §1983 for a statutory right by showing that the statute created a "'comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.'" *Id*. at 120 (quotation omitted).

> According to Justice Scalia's opinion for the Court,
>
> The provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983. As we have said in a different setting, "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." Thus, the existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which we have held that an action would lie under § 1983 and those in which we have held it would not.

11

*Id.* at 121 (quotation omitted).   Further, "'[W]hen a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983.'" *Id.* (quotation omitted). Finally, "[I]n *all* of the cases in which we have held that § 1983 is available for violation of a federal statute, we have emphasized that the statute at issue ... *did not* provide a private judicial remedy (or, in most of the cases, even a private administrative remedy) for the rights violated." *Id*. (emphasis in original).

      Of course, § 1983 is a civil statute, and § 241 is a criminal statute. But *City of Rancho Palos Verdes*, interpreting the same "Constitution and laws" language found in § 241, severely limits the instances in which § 1983 may be used to enforce another statute. Further, the constitutional considerations unique to criminal statutes, especially fair notice and avoiding vagueness, would weigh more heavily against an expansive interpretation of the "and laws" language in § 241 than § 1983. Clearly, the FACE Act contains its own comprehensive enforcement scheme, and provides its own criminal penalties. It is, in the language of *City of Rancho Palos Verdes*, the more "restrictive" remedy. Accordingly, using § 241 to enforce the FACE Act, transforming a substantive criminal offense

punishable as a misdemeanor to a felony conspiracy, is incompatible with the Supreme Court's jurisprudence in the closely related § 1983 context.

### III. *Count One Improperly Alleges that Defendants Conspired to Violate a Non-Enforceable Provision of the FACE Act and that Defendants Aided and Abetted a Conspiracy*

Finally, Count One is facially defective for two additional reasons. First, defendants are charged with violating § 241 not by conspiring to interfere with any substantive provision of the FACE Act – such as, for instance, the misdemeanors charged in Count Two (18 U.S.C. §248(a)(1)) and in Count Three (18 U.S.C. § 248(a)(3)) - but with conspiring to interfere with 18 U.S.C. 248(c)(1). Section 248(c)(1) is not an enforceable provision of the FACE Act and does not establish any criminal standards. Instead, it is the sub-section of the Act that creates a private civil action for certain violations of the FACE Act. Clearly, it cannot serve as an object of the conspiracy. Second, the defendants are charged in Count One with a conspiracy offense and with the offense of aiding and abetting that conspiracy. (Doc. 54 at 4) (alleging a violation of "18 U.S.C. § 241 and 2.") This portion of Count One is also facially defective, as 18 U.S.C. § 2 does not create an offense of aiding and abetting a conspiracy.

WHEREFORE, for the foregoing reasons, defendant Oropesa moves to dismiss Count One of the Superseding Indictment.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 4th day of May, 2023:

AUSA Lisa Thelwell
Lisa.Thelwell@usdoj.gov

AUSA Laura-Kate Bernstein
Laura-Kate.Bernstein@usdoj.gov

AUSA Stacie Harris
Stacie.Harris@usdoj.gov

Michael Maddux, Esq.
mmaddux@madduxattorneys.com

Lauren Regan, Esq.
lregan@cldc.org

Sarah Ann Alvarez, Esq.
salvarez@cldc.org

Shiobhan Olivero, Esq.
solivero@oliverolaw.com

/s/ *Matthew Farmer*
COUNSEL