IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               CASE NO.: 8:23-cr-25-VMC-AEP-4

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

    Defendants.
_____/

## DEFENDANT OROPESA'S REPLY TO "UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT" (DOC. 108)

Defendant, Gabriella Oropesa, through her undersigned counsel, hereby replies to the "United States' Response in Opposition to Defendants' Motion to Dismiss Count One of the Superseding Indictment" (Doc. 108). She renews her motion to dismiss (Doc. 102) Count One of the Superseding Indictment (Doc. 54).

Count One alleges that the four defendants conspired "to injure, oppress, threaten, and intimidate employees of facilities providing reproductive health services to the *free exercise and enjoyment of the rights and privileges secured to them by the laws of the United States*, namely, the

right to provide and seek to provide reproductive health services as provided by Title 18, United States Code, Section 248(c)(1), in violation of Title 18, United States Code, Section 241." (Doc. 54 at 2) (emphasis added). According to 18 U.S.C. § 241, in pertinent part,

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the *free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States,* or because of his having so exercised the same; ...
>
> They shall be fined under this title or imprisoned not more than ten years, or both....

18 U.S.C. § 241 (emphasis added). Thus, the Superseding Indictment substantially tracks the language of the statute, but clarifies that, of the "Constitution and laws of the United States" that § 241 can reach, Orepesa is charged in Count One only with conspiring to violate a single "law," the FACE Act.

For purposes of this reply memorandum, Orepesa will focus on the second argument in support of her motion to dismiss. Here, she contends that the FACE Act, because it contains a sufficiently comprehensive and independent enforcement scheme, which of course includes criminal penalties, is not among the "Constitution and laws of the United States" that would also be enforceable by the felony criminal remedy in 18 U.S.C. § 241. *See* (Doc. 102 at 9 – 13). The government's response fails to provide

even a nominal answer to Orpesa's argument, relegating it to a footnote. *See* Response, p. 7, n. 3.

With the FACE Act, Congress has established a notably comprehensive enforcement scheme. The Act first identifies certain "prohibited activities," and provides that anyone who engages in such activities "shall be subject to the penalties provided in subsection (b) and the civil remedies provided in subsection (c)." 18 U.S.C. § 248(a). (The penalties in subsection (b) are all criminal.) The relevant "prohibited activities" – which, incidentally, are separately charged as criminal offenses in Counts Two and Three of the Superseding Indictment - are found in 18 U.S.C. §§ 248(a)(1) and (3).

First, "Whoever, by force or threat of force, or by physical obstruction, intentionally injures, intimidates, or interferes with any person because that person is or has been, or in order to intimidate such person or any other person or any other person or any class of persons from, obtaining or providing reproductive health services," has committed an activity prohibited by 18 U.S.C. § 248(a)(1). This is the prohibited activity that is incorporated into the allegations of Count One, and is the basis of Count Two. Second, "Whoever intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services," has committed an activity

3

prohibited by 18 U.S.C. § 248(a)(3). This is the prohibited activity that is the foundation of Count Three.

The comprehensive enforcement scheme of the FACE Act provides that commission of these prohibited acts can be enforced in any of four ways. First, the United States can enforce the Act criminally under 18 U.S.C. § 248(b), as it specifically has in Counts Two and Three. Second, a private person aggrieved by the commission of a prohibited act may bring a civil action under 18 U.S.C. § 248(c)(1). Third, the United States may bring a civil action under 18 U.S.C. § 248(c)(2). to remedy the commission of a prohibited act. Fourth, a state attorney general may bring a civil action under 18 U.S.C. § 248(c)(3) to remedy the commission of a prohibited act.

The parties are in agreement on one matter. They both acknowledge that, although there are few opinions addressing whether a civil suit like that available under the FACE Act can create a federal right enforceable criminally by 18 U.S.C. § 241, the Supreme Court's much more fertile 42 U.S.C. § 1983 jurisprudence offers a helpful guidepost. The operative language of Section 1983 is virtually identical to Section 241. While Section 1983 protects the "rights, privileges, or immunities secured by the Constitution and laws…," Section 241 protects "any right or privilege secured … by the Constitution or laws…."

The government's response focuses, though, on the meaning of the meaning of the term "rights" as used in both statutes, while Oropesa's argument focuses only the meaning of "laws" in both statutes. Oropesa notes in passing that the Supreme Court appears to be limiting the scope of the statutory rights that can be enforced in Section 1983. *See Blessing v. Freestone*, 520 U.S. 329, 343 (1997) (holding that Title IV-D of the Social Security Act is not such a "right"); *Gonzaga University v. Doe*, 536 U.S. 273, 287 (2002) (holding that Family Educational Rights and Privacy Act is not such a "right").

But Oropesa's argument focuses not on whether the FACE Act creates a "right" enforceable under Section 241, but whether it is a "law" enforceable under Section 241. In *Blessing*, the Supreme Court addressed both terms, and held additionally that Congress can foreclose a Section 1983 remedy "impliedly, by creating a comprehensive scheme that is incompatible with individual enforcement under § 1983." 520 U.S. at 341. In *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005), which Oropesa briefed extensively in her motion to dismiss, the Court reaffirmed this principle. *Id*. at 120. According to the Court, "The provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983." *Id.* at 121.

Earlier, in *Middlesex County Sewerage Authority v. Sea Clammers*, 453 U.S. 1 (1981), the Court held that, "When the remedial devices provided in a particular act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id*. at 20. Noting that the two environmental statutes in question provided remedies that included government compliance orders, civil suits, civil and criminal penalties, and civil suits by private citizens, the Court found that § 1983 was unavailable as an additional enforcement tool. *Id*. at 13, 20. The Court concluded, "It is hard to believe that Congress intended to preserve the § 1983 remedy when it created so many specific statutory remedies." *Id*. at 20.

Clearly, the same can be said for the FACE Act. Its comprehensive enforcement structure reflects congressional intent to preclude the additional remedy of § 241. This is particularly true when Congress determined that criminal violations of the FACE Act should be punished as misdemeanors, not as the felony penalties the government seeks to impose by engrafting the FACE Act onto § 241.

WHEREFORE, for the foregoing reasons, defendant Oropesa renews her motion to dismiss Count One of the Superseding Indictment.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 31st day of May, 2023:

AUSA Laura-Kate Bernstein
Laura-Kate.Bernstein@usdoj.gov

AUSA Stacie Harris
Stacie.Harris@usdoj.gov

Michael Maddux, Esq.
mmaddux@madduxattorneys.com

Lauren Regan, Esq.
lregan@cldc.org

Sarah Ann Alvarez, Esq.
salvarez@cldc.org

Shiobhan Olivero, Esq.
solivero@oliverolaw.com

/s/ *Matthew Farmer*
COUNSEL