UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:23-cr-25-VMC-AEP

GABRIELLA VICTORIA OROPESA

_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's Omnibus Motions in Limine, filed on September 25, 2024. (Doc. # 295). Ms. Oropesa filed her opposition on October 18, 2024. (Doc. # 306). For the reasons that follow, the Motion is granted.

I.  **Background**

On March 23, 2023, Ms. Oropesa and three co-defendants, Caleb Hunter Freestone, Amber Marie Smith-Stewart, and Annarella Rivera, were indicted via superseding indictment. (Doc. # 54). Count One charges all four defendants with conspiracy to violate rights secured by the Free Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248: the Defendants allegedly conspired "to injure, oppress, threaten, and intimidate employees of facilities providing reproductive health services in the free exercise and enjoyment of the rights and privileges secured to them by the laws of the

1

United States, namely, the right to provide and seek to provide reproductive health services as provided by Title 18, United States Code, Section 248(c)(1), in violation of Title 18, United States Code, Section 241." (Id. at 1-2).

Per the government's proffer, Ms. Oropesa and her three co-Defendants traveled at night to multiple reproductive health facilities in Florida, which provided alternatives to abortion. (Doc. # 295 at 2). They spray-painted messages onto these facilities including "If abortions aren't SAFE then niether [sic] are you," "YOUR TIME IS UP!!," "WE'RE COMING for U," and "We are everywhere." (Id.).

Per the government, Ms. Oropesa was interviewed by law enforcement on January 23, 2023. (Id.). She identified photographs of her co-Defendants and provided various descriptions of how she knew them. (Id.). The government proffers that she "described herself as against fascism, and stated that 'Antifa' does not have official members. She also admitted that she is aware of Jane's Revenge." (Id. at 5).

On June 4, 2024, Ms. Oropesa's three co-Defendants each pled guilty to Count One of the superseding indictment (Doc. ## 203, 204, 206), and were sentenced on September 12, 2024. (Doc. ## 279, 280, 283).

On September 25, 2024, the government filed its Omnibus Motions in Limine. (Doc. # 295). Ms. Oropesa has responded (Doc. # 306). The Motion is now ripe for review.

II. **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-

3

CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

### III. Discussion

Within its Motion, the government makes five motions in limine. The Court will evaluate each motion in limine in turn.

#### A. Motion to Prohibit References to Punishment or Collateral Consequences of Conviction

The government argues that Ms. Oropesa should be prohibited from referring to "any potential penalties that stem from any possible conviction in this matter." (Doc. # 295 at 3). Ms. Oropesa "does not oppose such a prohibition to the extent the motion is directed to her . . . . However, to the extent appropriate impeachment of government witnesses would permit introduction of such evidence, Ms. Oropesa opposes the motion." (Doc. # 306 at 1-2). The Court grants the Motion in part.

In so far as the government's Motion seeks to exclude any evidence or argument relating to the possibility of Ms. Oropesa's own conviction and possible sentence, the Court finds that this Motion is unopposed and the Court grants the Motion.

The Court finds that evidence of convictions of other witnesses, such as government witnesses, is admissible for a limited purpose. "Rule 609 requires that evidence of prior convictions of a non-defendant witness be admitted if (1) the

convictions are for crimes punishable by death or imprisonment in excess of one year, (2) the convictions are less than ten years old, and (3) the evidence is being used to attack the witness' credibility." United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998). "Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions." Id. at 1336. Accordingly, the Court finds that evidence of the fact that government witnesses were convicted of crimes, and what those crimes were, will be admissible for impeachment purposes, assuming it meets the requirements of Rule 609.

However, the Court will exclude any evidence relating to the sentences received for those convictions. "Evidence that is otherwise admissible under Rule 609(a)(1) is to be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id. (quoting Fed. R. Evid. 403); see also United States v. North, No. 1:16-CR-309-WSD, 2017 WL 5618645 (N.D. Ga. Nov. 21, 2017), aff'd, 762 F. App'x 813, at *3 (11th Cir. 2019) (excluding evidence regarding the underlying facts of a prior conviction when it would "risk unfair prejudice and

6

would mislead the jury about and distract them from the facts of the case"). The Court concludes that inquiries into the sentences received by these government witnesses will unfairly prejudice the government by impermissibly informing the jury of the potential punishment faced by Ms. Oropesa. Thus, the Court grants the Motion in so far as it seeks to exclude this form of inquiry.

### B. Motion to Prohibit References to the Potential Availability of Local Charges

Next, the government argues that Ms. Oropesa "should be precluded from implying that this case ought to have been resolved with a local vandalism citation" because such arguments would be "irrelevant" and "highly prejudicial." (Doc. # 295 at 4). Ms. Oropesa responds that while she does not oppose a prohibition on her arguing that "she should be prosecuted for the offense of vandalism under state law," she should be allowed to argue that "her alleged conduct may be described as vandalism." (Doc. # 306 at 2).

The Court agrees with the government and will exclude any reference to the potential availability of local charges or prosecution. "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to

7

prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Accordingly, the Court will exclude any evidence or argument regarding the availability of local charges as irrelevant. See Fed. R. Evid. 401, 402.

However, the Court will revisit at the appropriate juncture of trial whether the defense may make the limited argument that Ms. Oropesa's actions were nothing more than vandalism, so long as the defense avoids any mention of the possibility or sensibility of a state charge or prosecution.

**C. Motion to Admit the Defendant's Voluntary Statements to Law Enforcement as Non-Hearsay Admissions of a Party Opponent**

The government argues that Ms. Oropesa's statements made to law enforcement in a pre-indictment voluntary interview are admissible as out-of-court statements of a party-opponent. (Doc. # 295 at 5-7 (citing Fed. R. Evid. 801(d)(2)(A))). Ms. Oropesa does not object to the admissibility of these statements as out-of-court statements of a party-opponent, but clarifies that she "reserves the right to make a relevance objection at trial." (Doc. # 306 at 2-3). While taking note of this reservation, the Court grants this Motion as unopposed and concludes that Ms. Oropesa's

8

statements to law enforcement are admissible as non-hearsay admissions of a party-opponent. Fed. R. Evid. 801(d)(2)(A).

### D. Motion to Prohibit the Defendant from Arguing Personal Ideologies as a Defense

The government next argues that Ms. Oropesa should be precluded from arguing that "her belief in the moral righteousness of her cause constitutes a defense." (Doc. # 295 at 7). Ms. Oropesa opposes the Motion on the grounds that if the government succeeds in having admitted Ms. Oropesa's statements regarding her beliefs and her co-conspirator's beliefs, then the moral righteousness of her cause becomes relevant and admissible. (Doc. # 306 at 3).

A defendant's belief in the moral righteousness of the cause is inadmissible as evidence or argument. See United States v. Grady, 18 F.4th 1275, 1294 (11th Cir. 2021) ("There is no question that [the defendant] acted consciously and deliberately. The fact that she honestly believed her actions were lawful because of her personal views on nuclear weapons is irrelevant."); United States v. Kelly, 676 F.3d 912, 919 (9th Cir. 2012) ("[E]ven defendants who genuinely believe that their intentional, unlawful actions are consistent with 'the conscience of the people,' as appellants put it, are guilty.").

The Court interprets Ms. Oropesa's argument as being that evidence and argument about her belief in the moral righteousness of her cause is relevant to rebut the government's introduction of her prior statements to law enforcement which inculpate her. (Doc. # 306 at 3). However, belief in the moral righteousness of the cause is never a permissible defense. See Reynolds v. United States, 98 U.S. 145, 167 (1878) ("[W]hen the offence consists of a positive act which is knowingly done, it would be dangerous to hold that the offender might escape punishment because he religiously believed the law which he had broken ought never to have been made."). Accordingly, the Court grants the Motion and precludes Ms. Oropesa from introducing evidence or arguments of her belief in the moral righteousness of her cause. To the extent Ms. Oropesa's personal ideologies become relevant at trial due to the government's introduction of her statements, she may raise arguments regarding the admissibility of such evidence and arguments at that time.

### E. Motion to Preclude the Defendant from Introducing Inadmissible Evidence of the Defendant's Purported Good Character

The government finally argues that Ms. Oropesa should be precluded from introducing evidence of her purported good character, which is inadmissible pursuant to Rules 404 and

10

405. (Doc. # 295 at 8-9). Ms. Oropesa responds that she "does not plan to offer any evidence that does not comply with the requirements of Rules 404 and 405." (Doc. # 306 at 3). Therefore, the Court grants the Motion such that no evidence that fails to comply with Rules 404 and 405 may be admitted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The United States' Omnibus Motion in Limine (Doc. # 295) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of December, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11