UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:23-cr-25-VMC-AEP-4

GABRIELLA OROPESA
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Gabriella Oropesa's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for a New Trial (Doc. # 341), filed on January 2, 2025. The United States of America responded on January 30, 2025 (Doc. # 349), and Ms. Oropesa replied on February 18, 2025. (Doc. # 353). For the reasons that follow, the Motion is denied.

**I.   Background**

On December 19, 2024, Ms. Oropesa was found guilty by a jury of the offense of conspiracy against rights in violation of 18 U.S.C. § 241. (Doc. # 335).

Section 241 provides in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . [t]hey shall be fined

1

> under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 241. The "law of the United States" that creates the right at issue here is the FACE Act. The FACE Act "subjects to both criminal and civil penalties anyone who 'by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.'" McCullen v. Coakley, 573 U.S. 464, 491 (2014) (quoting 18 U.S.C. § 248(a)(1)).

The government alleged that Ms. Oropesa and her co-conspirators "would and did target reproductive health facilities that provide abortion alternatives" and "damaged and destroyed" multiple of these facilities with spray painted threats such as "If abortions aren't SAFE than niether [sic] are you" and "YOUR TIME IS UP!! WE'RE COMING for U." (Doc. # 54 at 2-3).

Prior to trial, Ms. Oropesa moved to dismiss the superseding indictment on two separate occasions. On May 4, 2023, Ms. Oropesa filed her first motion to dismiss Count One

2

of the superseding indictment. (Doc. # 102). On July 27, 2023, the Court denied the motion. (Doc. # 144). In that order, the Court rejected three arguments raised by Ms. Oropesa. (Doc. #144). These arguments were:

> (1) the offense of conspiracy against rights, 18 U.S.C. § 241, requires state action but no state action is alleged in Count One; (2) because the FACE Act contains its own independent regulatory – indeed criminal – enforcement mechanisms prescribed by Congress, the FACE Act may not also be enforced through the open-ended Constitution or laws provision of 18 U.S.C. § 241; and (3) to the extent Count One alleges a conspiracy to violate the FACE Act, the Superseding Indictment alleges as the object of the conspiracy an unenforceable provision of the Act.

(Id. at 4-5) (internal quotations omitted).

On August 2, 2024, Ms. Oropesa filed her second motion to dismiss. (Doc. # 238). In that motion, Ms. Oropesa argued that two recent Supreme Court decisions, Fischer v. United States, 603 U.S. 480 (2024), and Snyder v. United States, 603 U.S. 1 (2024), mandated that the superseding indictment be dismissed because they modified the manner in which the Court should interpret "whether the statutory term 'laws of the United States' is so broad as to embrace the (FACE Act)." (Doc. # 238 at 2). On August 26, 2024, the Court denied the motion, finding that both Fischer and Snyder were

3

"inapplicable" to the statute in this case. (Doc. # 249 at 8).

Just prior to trial, Ms. Oropesa moved in limine to exclude the government from introducing government's Composite Exhibit 32(A)-(D). (Doc. # 324). This exhibit was a composite of four excerpts from the Jane's Revenge website. (Doc. # 326-1). The Court denied the motion in limine in an oral order, finding that the probative value of this evidence outweighed the prejudice to Ms. Oropesa. (Doc. # 331).

Now following trial, Ms. Oropesa moves for a judgment of acquittal, or in the alternative, for a new trial. (Doc. # 341). The government has responded (Doc. # 349), and Ms. Oropesa has replied. (Doc. # 353). The Motion is now ripe for review.

## II. Legal Standard

A motion for a judgment of acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (M.D. Ga. 2005) (quoting United States v.

4

Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

Under Federal Rule of Criminal Procedure 33(b)(2), the Court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

"If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (internal quotation marks and citation omitted). The Court may follow this course even if the evidence is legally sufficient to sustain the verdict. Id. Similarly, the Court may grant a motion for new trial even where the defect does not constitute

reversible error, or even legal error at all. United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994).

However, "[m]otions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them only in those really exceptional cases, when [t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Lopez, 562 F. App'x 891, 898 (11th Cir. 2014) (internal quotation marks and citation omitted).

### III. Analysis

Ms. Oropesa raises two arguments in support of a judgment of acquittal, and one argument in support of a new trial. The Court will evaluate each in turn.

#### A. Motion for a Judgment of Acquittal

As Ms. Oropesa admits in her Motion, her two arguments for a judgment of acquittal are "renew[al]s" of her arguments made in her motions to dismiss. (Doc. # 341 at 2). Her reply similarly seeks to renew the argument made in her first motion to dismiss that the FACE Act is not among the laws enforceable under 18 U.S.C. § 241. (Doc. # 353 at 1). She posits that this argument should be reconsidered in light of the recent

pardons and commutations of the only other defendants who had been prosecuted for violating the FACE Act under 18 U.S.C. § 241. (Id. at 1-2).

However, "the sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction." Hunt, 412 F. Supp. 2d at 1282 (internal quotations omitted). The arguments which she is renewing were related to alleged defects in the superseding indictment. (Doc. ## 102, 238, 351). Further, the arguments made in her original motions to dismiss, and the present Motion and reply do not at all address the evidence presented at trial (Doc. ## 102, 238, 341, 353), much less its sufficiency to sustain a conviction. Instead, the arguments relate to whether the offense conduct here may be charged under this statute. (Id.). Therefore, the Court denies the Motion to the extent it seeks a judgment of acquittal because it fails to challenge the sufficiency of the evidence.

### B. Motion for a New Trial

Next, Ms. Oropesa argues that the Court erred by admitting, over her objection, Composite Exhibit 32(A)-(D). (Doc. # 324 at 5-6). She asserts that this error necessitates the granting of a new trial. (Id.).

7

"To successfully challenge a verdict on the basis of a district court's incorrect evidentiary ruling, a party must follow a three-step process. First, he must demonstrate either that his claim was adequately preserved or that the ruling constituted plain error. Second, he must establish that the district court abused its discretion in interpreting or applying an evidentiary rule. Finally, he must establish that this error affected a substantial right." United States v. Stephens, 365 F.3d 967, 974 (11th Cir. 2004) (internal quotations and citations omitted).

The Court did not abuse its discretion by admitting this evidence. The exhibits were excerpts from the Jane's Revenge website, which explain the group's objectives for vandalizing various women's reproductive health clinics, which provide alternatives to abortion. (Doc. # 326-1) (containing statements such as "We need the state to feel our full wrath" and "You have seen that we are real, and that we are not merely pushing empty words."). As an element of the charged offense, the government had to prove that "the purpose of the conspiracy was to injure, oppress, threaten, or intimidate one or more individuals in the enjoyment or exercise of their protected federal rights." (Doc. # 333 at 12). In their vandalizations of the health facilities, Ms. Oropesa and her

co-conspirators included attributions to Jane's Revenge. (Doc. ## 336-11, 336-12, 336-13). Accordingly, Jane's Revenge's beliefs and intentions are directly relevant to understanding what Ms. Oropesa and her co-conspirators' purposes were. Therefore, the Court was well within its discretion to find that the probative value of the evidence outweighed the prejudice to Ms. Oropesa. See Stephens, 365 F.3d at 974 (requiring an "abuse of discretion" to warrant the granting of a new trial).

Even if Ms. Oropesa could show that the Court erred by admitting this evidence, she would still fail to establish that this "error affected a substantial right." Id. To do so, she would need to "demonstrate that the error probably had a substantial influence on the jury's verdict." Id. at 977 (internal quotations omitted). However, even if the excerpts from the Jane's Revenge website had been excluded, multiple witnesses testified at trial about their understandings of Jane's Revenge's beliefs and purposes. Furthermore, the association with Jane's Revenge was just one segment of the inculpatory evidence introduced by the government at trial. The government's case included cell-phone tracking data, photos of Ms. Oropesa's and her co-conspirator's graffiti messages, and other communications between the co-

conspirators planning the offense. (Doc. # 336). Thus, the admission of the excerpts from Jane's Revenge website did not affect Ms. Oropesa's substantial rights. A new trial is not warranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. # 341) is **DENIED** in its entirety.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE